**CALHOUN v. USSERY et al.**
**No. 362.**

District Court, W. D. Louisiana, Monroe
Division.

Sept. 23, 1930.

G. P. Bullis, of Vidalia, for complainant.

S. R. Holstein, of Jena, for respondents
Mrs. Josie Ussery and Mrs. Mary Tiffee.

Philip H. Mecom, U. S. Atty., and J. Fair
Hardin, Asst. U. S. Atty., both of Shreve-
port, La., for United States and Veterans' Bu-
reau.

DAWKINS, District Judge.

Plaintiff brings this suit, alleging that in
a policy of war risk insurance, the insured,
Harvey Crouch, made one of his sisters,
Mrs. Josie Ussery, the beneficiary, but there-
after, both verbally and in writing, he had
indicated his desire that complainant, to-
gether with a third sister, Mrs. Mary Tiffee,
should share equally in the proceeds thereof;
that, after the discharge of Crouch from the
service, he was married and left two infant
children at his death; that after a time the
said wish was acted upon, and the three sis-
ters shared equally in payments under the
policy, but, inasmuch as the two children
were in necessitous circumstances, it was
agreed that a trust fund should be created
out of the money received from the policy for
their support; that the Veterans' Bureau
first denied any liability under the policy;
that contest was made, in which the three
sisters, including Mrs. Ussery, filed affida-
vits setting up that they were all actual bene-
ficiaries, but no payment was made until
June 12, 1928, when all sums due to that
date were paid in one check, which was later
divided between the three, and it was mu-
tually agreed that all funds received from
this source should be held in trust for the
benefit of the said minors; that thereafter
the Bureau continued to make monthly pay-
ments in the sum of $43.26 in checks made
payable to the said Mrs. Ussery; that the
said Mrs. Ussery paid one-third of the costs
of the contest with the Bureau, including
the fee of the attorney employed for that
purpose, and required her two sisters, pe-
titioner and Mrs. Tiffee, to pay the other two-
thirds; that the division of one-third to each
was continued between them until October,
1928, when a dispute arose between the hus-
band of Mrs. Ussery and complainant, "and
the partnership existing between them was
dissolved and thereupon Mrs. Ussery ceased
dividing with plaintiff the checks received by
her monthly from the Bureau," and has con-

tinuously since refused to pay one-third thereof to plaintiff. Complainant alleges that because of the facts above stated, Mrs. Ussery is estopped to deny that said insurance policy is a trust fund for the benefit of the said minors.

Complainant prays that said policy and its proceeds be "adjudged to be a trust fund for the benefit of the said two children of Harvey Crouch, to be paid to and administered by a legally appointed tutor * * * as the court may determine; in the alternative * * * that she be adjudged the beneficiary under said policy to the extent of one-third thereof," from November 1, 1928. Complainant made the said Mrs. Ussery and the other sister, Mrs. Tiffee, along with the United States and the Veterans' Bureau, parties defendant.

Mrs. Tiffee filed answer, admitting the allegations of the complaint and joining in the prayer thereof, but the government has filed exceptions of no cause or right of action and demurrer, pleaded misjoinder as to the Veterans' Bureau, and moved to transfer the case to the law side of the court.

Of course the Veterans' Bureau is improperly made a party, as the statute directs that such a suit shall be brought against the United States. The Veterans' Bureau will, therefore, be dismissed from the cause. U. S. Code, title 38, § 445 (38 USCA § 445).

The exception of no cause of action and demurrer is directed first, at the requirement of section 19, Act June 7, 1924, 43 Stat. 612, as amended by Act March 4, 1925, 43 Stat. 1302 (38 USCA § 445), that such a suit can be brought only in event "of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder," and it is said that there is no such a disagreement shown in the petition in this case. However, plaintiff does claim an interest in the policy, and affirmatively alleges that its proceeds have been and are being paid only to the defendant Mrs. Ussery, notwithstanding the asserted right of petitioner and the other sister therein. This, I think, does show such a disagreement that, if the petition otherwise stated a cause of action, it would fall under the act.

On the other hand, the petition nowhere charges that the deceased ever made any change in the beneficiary in the manner required by law, and the regulations of the Bureau made thereunder, that is, by a request in writing to that effect. All that the allegations amount to is that, in some manner not explained or alleged, deceased expressed orally and in writing the desire that the proceeds of the policy should be divided equally between the sisters. In order to be effective, it must have been done by written request filed with the Bureau, in so far as any duty of that body to recognize or accept the same was concerned. Peart v. Chaze (D. C.) 13 F.(2d) 908 and authorities cited therein.

Plaintiff does not charge that the Bureau or government was in any wise a party to the alleged trust agreement between her and her two sisters, and I cannot see how the United States can be forced to litigate that issue with them. She may have some sort of an action against them for a judicial establishment and enforcement of the alleged agreement in so far as any funds may have been or may hereafter be received by Mrs. Ussery from the policy, to be determined in the proper state court, but I do not believe it can be done in this manner. As stated by counsel for the government, the statute provides that, in case of the death of a beneficiary, subsequent benefits shall go to the legal heirs of the soldier according to the law of the state, and it is therefore not legally possible for her to make an agreement that would be binding upon the government after her death. It so happens in this instance that the very persons for whose benefit the alleged trust agreement was made would become the beneficiaries at Mrs. Ussery's death, but that does not change the legal effect. I also am of the opinion that the point made by counsel for the defendant that plaintiff had no legal standing in this proceeding to represent the interests of the minors is well founded.

My conclusion is that the complaint does not state a cause of action against the government, for it does not disclose any legal change in the beneficiary from what it was at the time of the issuance of the policy; and, as to the alleged trust agreement, the government is no party thereto and could not be bound thereby.

The demurrer or exception of no cause of action will therefore be sustained. It is unnecessary to pass upon the motion to transfer the case to the law side of the court. Proper decree may be presented.